1

2

3

4

5                 **UNITED STATES DISTRICT COURT**

6                 **EASTERN DISTRICT OF CALIFORNIA**

7

8   **JOANNE JACKSON,**                          **CASE NO. 1:19-CV-0574 AWI SAB**

9              **Plaintiff**                     **ORDER RE: MOTIONS TO STRIKE**
                                                 **AND EXCLUDE DEFENDANT'S**
10             **v.**                            **EXPERT WITNESSES**

11  **BOSTON SCIENTIFIC CORPORATION,**

12             **Defendant**

13

14

15          This case is one of tens of thousands concerning persons who had a pelvic mesh device

16  implanted who then suffered severe, adverse health consequences.  To deal with the crush of

17  cases, they were gathered in the U.S. District Court, Southern District of West Virginia before

18  Judges Joseph Goodwin and Cheryl Eifert.  The cases were organized into waves for litigation.

19  Recently, 11 of these cases (of which this is one) were transferred to the Eastern District of

20  California for trial.  These 11 cases are part of Wave 4 which comprises 6,174 cases.  The law firm

21  of Marlin Saltzman is plaintiff's counsel in 160 Wave 4 cases, including all 11 of the cases in the

22  Eastern District.  Defendant Boston Scientific is represented by Shook, Hardy & Bacon in all of

23  these cases.

24          At the time they were transferred, Plaintiffs had filed two rounds of motions to strike and

25  exclude Defendants' expert witnesses which had not yet been resolved by the Southern District of

26  West Virginia.  Plaintiffs' objections can be categorized as 1) failure to identify which treating

27  physicians are to be called as experts, 2) failure to provide expert reports for certain named

28  retained experts, 3) untimely disclosure of case specific experts, and 4) naming more than five

expert witnesses in contravention of prior court orders. The subject matter of these motions is the same across all cases and the legal briefing is identical. The briefing (as far as can be determined) applies to all of the pelvic mesh cases Plaintiffs' attorneys are involved in; it is not case specific. Thus, this order will similarly try to cover the issues raised generally.

Plaintiffs' first objection is that Defendant has not disclosed which treating physicians it intends to call as expert witnesses. Doc. 19, at 4. Defendant's Rule 26 disclosure only states that "BSC intends to offer opinion testimony of Plaintiff's treating physicians on the matters set forth in deposition based on the doctor's expertise, education, training and clinical experience. This would include, but not be limited to, testimony regarding the course of Plaintiff's medical treatment, health history and generally, the safety and effectiveness of polypropylene transvaginal mesh for the treatment of stress urinary incontinence and/or pelvic organ prolapse, including the Boston Scientific device(s) at issue, and Plaintiff's diagnosis and prognosis." Doc. 19-2, at 3. As treating physicians are experts witnesses who do not have to provide a written report, Defendant is required to disclose their identity and "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. Rule Civ. Proc. 26(a)(2)(A) and (C). "[I]dentification of the subject matter on which the witness is expected to testify is insufficient to comply with the summary of facts and opinions requirement of Rule 26(a)(2)(C)." Flonnes v. Prop. & Cas. Ins. Co., 2013 U.S. Dist. LEXIS 74018, *14 (D. Nev. May 22, 2013). Defendant's disclosure is inadequate as general statements like "[treating physician] intended to testify to 'the nature and extent of [plaintiff]'s injuries, cause of those injuries, diagnosis, prognosis, reasonableness of medical expenses and necessity of treatment' is obvious and hardly promotes the goal of increasing efficiency and reducing unfair surprise." Deguzman v. United States, 2013 U.S. Dist. LEXIS 86390, *10 (E.D. Cal. June 19, 2013).

Plaintiffs' second objection is that Defendant has not provided expert reports for six retained experts, namely Michael Douso, Michael Litrel, Carol Moore, David Anderson, Steven Swift, and Matthew Davies. Doc. 19, at 7. This objection is complicated by the fact that Plaintiffs state that these are retained experts in 12 of the 160 cases but have not directly identified which of

the 11 cases these experts are connected to. Delving into the records of the cases seems to show that the objection only applies to Barrios v. Boston Scientific Corp., 19-CV-0575; Matthew Davies was named as a retained expert in that case  For retained experts, Defendant's Rule 26 reports in all the cases simply provide their name, contact information, and a notation to "Refer to General Expert Rule 26 Report(s) hereby incorporated by reference along with corresponding testimony." Doc. 19-2, at 2. Defendant's Rule 26 report in Barrios v. Boston Scientific provides Matthew Davies's name, contact information, and the identical notation referring to a General Expert Rule 26 Report. Thus, it is not clear what the nature of Plaintiffs' objection is. The parties do not provide further clarification of the dispute.

Plaintiffs' third objection is that Defendant made a number of expert disclosures with attached reports after the applicable deadlines had already passed. Doc. 22, at 5. These expert witnesses were named by Defendant after Plaintiffs had filed their first round of motions to exclude. Defendant does not deny that these disclosures were late but argue that all of Plaintiffs' expert disclosures were late as well. Doc. 23, at 1. Plaintiffs' counsel acknowledge that they made some late disclosures but assert that they were timely in a majority of the cases they have been involved in. Doc. 24, at 3.

The first three categories of objections seem to be tied to the hectic pace of litigation in these pelvic mesh cases. Wave 4 is comprised of over 6,000 cases; Plaintiffs' counsel and Defendant's counsel are involved in over a hundred of these cases. The original scheduling deadlines, issued on January 30, 2018, envisioned an end to discovery on September 4, 2018 with expert disclosure deadlines based on that date. Doc. 8. The court issued an order on June 13, 2018 modifying the deadlines and pushing the end of discovery to October 4, 2018. Doc. 12. Significantly, this order changed the deadlines regarding experts, requiring Plaintiffs to serve disclosures by July 13, 2018 and Defendant to serve disclosures by August 13, 2018. The parties then agreed amongst themselves to further push back the deadlines; Plaintiffs' deadline was August 15, 2018 and Defendant's deadline was September 17, 2018. Doc. 44, 8:16-19. In addition to undergoing discovery during these months, the parties took active part in settlement negotiations. Doc. 44, 8:14-21. Notwithstanding the agreed upon and court ordered deadlines,

both sides did serve late disclosures. Defendant claims that Plaintiffs served 37 case specific expert reports on October 5, 2018. Doc. 20, at 2. Plaintiffs claim that Defendant served 67 case specific expert reports in November and December 2018. Doc. 22, at 5 and 9.

Regarding the late reports, "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc. v. Ins. Co. of the Pa., 673 F.3d 1240, 1246 (9th Cir. 2012), citing Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010), citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003).

In this case, the difficulty of dealing with the large number of cases in Wave 4 must be considered. Though discovery had been ordered closed by the Southern District of West Virginia, the parties themselves have stipulated in the last month to conducting at additional depositions of the implanting physicians and collection of updated medical records. This is an acknowledge that they did not complete discovery within the time frame set by the prior orders. Faced with this situation, it appears that new deadlines for expert witness materials are needed to facilitate the preparation of these cases for trial. At this point, all experts appear to have been disclosed. Defendant has stated "Boston Scientific has now served case-specific expert reports in all [Marlin & Saltzman] cases where a plaintiff expert report was received. M&S will not be receiving report 'indefinitely.'" Doc. 23, at 3. There remains some dispute as to the adequacy of expert reports and summaries of facts and opinions. These defects can be remedied without interfering with the progression of these cases to trial. Past violations of Rule 26 are harmless in this circumstance. See Lanard Toys, Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (affirmed that the failure to timely disclose was harmless when a supplement which satisfied Rule 26 was submitted seven months before trial); Flonnes v. Prop. & Cas. Ins. Co., 2013 U.S. Dist. LEXIS 74018, *19 (D. Nev. May 22, 2013) (untimely disclosure was harmless when additional records were not

unreasonably voluminous and discovery deadlines were extended).

The fourth category of Plaintiffs' objections is that Defendant has designated more expert witnesses than is permitted. This objection does not appear to be related to the pace of discovery. The orders of the Southern District of West Virginia clearly state that each side is "limited to no more than five experts per case (exclusive of treating physicians)." See Doc. 8, at 3; Doc. 12, at 4. In this case (and in the 10 other Wave 4 cases transferred to the Eastern District), Defendant has named five retained expert witnesses plus a number of non-retained expert witnesses.[1] See Doc. 19-2. Defendant's non-retained experts appear to be existing Boston Scientific employees. The limitation on expert witnesses is clear. In its briefing, Defendant stated that "regarding 'excess' experts, Boston Scientific agrees to review its expert disclosures and amend them to be in compliance with [the Southern District of West Virginia's] orders." Doc. 20, at 6.

Accordingly, it is ORDERED that:

Plaintiffs' motions to strike and exclude Defendant's expert witnesses are DENIED.

The parties must confer and proposed new deadlines for expert disclosures.

A copy of this order is to be filed in each of the following 10 cases to resolve the corresponding motions: Barrios v. Boston Scientific Corp., 19-CV-0575; Dunn v. Boston Scientific Corp., 19-CV-0576; Blount v. Boston Scientific Corp., 19-CV-0578; Flores v. Boston Scientific Corp., 19-CV-0581; Bailey v. Boston Scientific Corp., 19-CV-0583; Swett v. Boston Scientific Corp., 19-CV-0584; Snavely v. Boston Scientific Corp., 19-CV-0585; Smith v. Boston Scientific Corp., 19-CV-0587; Nieto v. Boston Scientific Corp., 19-CV-0588; Ravcin v. Boston Scientific Corp., 19-CV-0773.

IT IS SO ORDERED.

Dated:  July 16, 2019          _____

SENIOR DISTRICT JUDGE

---

[1] Additionally, it is not clear whether Defendant's late named case specific experts were part of the five retained expert witnesses disclosed in the initial Rule 26 disclosure.